UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | 4:22-CR-108 |
| | § | |
| HECTOR FLORES, | § | |
|     *Defendant.* | § | |

**Defendant's Motions in Limine**

TO THE HONORABLE DAVID COUNTS:

    Hector Flores moves the Court to instruct the government and its witnesses in this case not to litigate or re-litigate, motion, recite, allude to, suggest, comment, or in any way refer in the jury's presence to:

**1. Expert testimony improperly noticed.**

    "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16 (1)(G).

**2. Crawford material and hearsay.**

    "If the government elects to introduce out-of-court statements to attempt to provide context for its investigation, its use must be 'circumspect' and 'limited.'" *United States v. Hamann*, Case No. 21-50122 (5th Cir. 2022) (quoting *United States v. Jones*, 930 F.3d 366, 375-81 (5th Cir. 2019)). Trial courts must be "vigilant in preventing abuse to avoid backdoor introduction of highly inculpatory statements." *Id*. Statements about a defendant "selling . . . meth" as well as going to Alpine to pick methamphetamine up are not "circumspect." *Id*. And any probative value pales "in comparison to the risk that the jury will consider the statements for their truth." *Id*.

**3.    Prior bad acts.**

The government may not introduce evidence of a prior crime or other bad act without notice and articulation of the permitted purpose for which it seeks to introduce that evidence.   Fed. R. Evid. 404(b). Because the government has not given notice or articulation of a permitted use, Flores moves the Court to exclude evidence of any other bad acts not referred to in the indictment.

**4.    Extraneous evidence.**

The government has alleged that Flores violated Tex. Penal C. § 22.041 in a very specific way, namely that he, with the requisite mens rea, "by omission . . . placed L.F. . . . in imminent danger of death, boidly injury, or physical or mental impairment, by not providing food . . . ." Doc. 16. This nature of the government's allegation circumscribes both the evidence and argument they can make without constructively amending the indictment. For example, the government is foreclosed from pursing a theory of abandonment or endangerment through exposure to temperature extremes, child care while under the influence of narcotics, and others. Instead, it is limited to proving its case only by showing that Flores deprived L.F. of food in a manner that led to imminent danger.

"The Fifth Amendment provides for criminal prosecution only on the basis of a grand jury indictment. Only the grand jury can amend an indictment to broaden it. The amendment need not be explicit to constitute reversibley error, but may be implicit or constructive. This occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged." *United States v. Doucet*, 994 F.2d 169, 172 (5th Cir. 1993). Further,

as argued in Limine 3, other theories of abandonment or negliect would risk not only amending the indictment but also would be irrelevant, Fed. R. Evid. 401, unduly prejudicial, and confuse the issues. Fed. R. Evid. 403.

        Respectfully submitted,

        /S/ Shane O'Neal
        SHANE O'NEAL
        O'NEAL LAW
        101 E. Avenue B
        Alpine, TX 79830
        (713) 516-3505
        shane@shaneoneallaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of June 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

AUSA Scott Greenbaum

        /S/ Shane O'Neal
        SHANE O'NEAL
        Attorney for Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | 4:22-CR-108 |
| | § | |
| HECTOR FLORES, | § | |
|     *Defendant.* | § | |

## Order Granting Motions in Limine

Hector Flores's motions in limine are:

Limine 1: \_\_\_\_\_ Granted          _____Denied

Limine 2: _____Granted          _____Denied

Limine 3:_____Granted          _____Denied

Limine 4:_____Granted          _____Denied

Signed on this \_\_ day of June 2022

_____
U.S. District Judge David Counts