UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Case No. PE-22-CR-108-DC |
| | § |
| HECTOR FLORES, JR. | § |
| | § |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant Hector Flores, Jr. has filed a motion to dismiss the indictment, styling it as a "Motion to Dismiss for Discovery Violations and a Lack of Evidence, or in the alternative, Motion in Limine to Exclude Late-Produced Discovery." Dkt. No. 56. He asks this Court to dismiss the indictment both based on a recent discovery production, and what Defendant claims is a lack of evidence in the case. The United States respectfully asks this Court to deny the Motion.

### I. BACKGROUND

On March 10, 2022, a federal grand jury charged Defendant with one count of endangering a child under 18 U.S.C. § 13, assimilating Texas Penal Code § 22.041. Dkt. No. 16. The United States produced multiple sets of discovery to Defendant throughout April to June 2022, as noted in Defendant's Motion to Dismiss. The United States gained access to additional discoverable materials from the park rangers who investigated this case on June 16, 2022, and promptly provided these materials to defense counsel on the same day.

1

## II. ARGUMENT

**A. Defendant is not entitled to a pretrial dismissal based on production of supplemental discovery.**

As noted above, the United States received access to additional discoverable materials on June 16, 2022. The United States was unaware of the contents of these materials prior to that date. Once the United States obtained these materials, they were promptly disclosed to the defense on the same day. Much of this discovery consists of photos, many of which are duplicative of photos that had already been produced to defense counsel in prior discovery.

To the extent the defense needs more time to review any of these materials, the United States is unopposed to counsel receiving additional time to do so ahead of trial. As to the Mexican law enforcement official described in his Motion, Defendant does not describe what being able to call this individual as a witness would add to his case or trial preparation, since the official's only documented statement is already captured on a video that has been provided to the defense, but the United States is also unopposed to Defendant receiving additional time to prepare for trial and locate this potential witness. Defendant has not demonstrated that these issues merit dismissal of the indictment the day before his trial begins.

**B. Defendant is not entitled to a pretrial dismissal based on the merits of the case.**

Second, Defendant claims that the indictment should be dismissed based on what he alleges to be a lack of evidence proving every element of the offense. At trial, the United States will show that the Defendant is guilty of the charged crime beyond a reasonable doubt. Whether the United States proves its case is a question for the trier of fact. Defendant's "disagreement with the allegations in the Indictment is insufficient to warrant its dismissal." *United States v. Selgas*, No. 3:18-CR-0356-S, 2019 WL 7284123, at *2 (N.D. Tex. Dec. 27, 2019). Defendant cannot ask this Court to dismiss the indictment on the eve of trial based solely on his

characterization of the evidence. The United States respectfully asks that the Court reject Defendant's argument to the contrary, and allow this case to proceed to trial.

### III. CONCLUSION

Defendant has not shown that he is entitled to dismissal of the indictment. The United States has complied with its discovery obligations, producing all discoverable materials to the defense ahead of trial. Dismissal is also not appropriate based on what Defendant claims is a lack of evidence—this will be for the jury to decide. For all these reasons, the United States prays that the Defendant's Motion to Dismiss be in all things denied.

Respectfully Submitted,

ASHLEY C. HOFF
United States Attorney

_/s/ William F. Calve_

SCOTT V. GREENBAUM
Assistant United States Attorney
Texas Bar No. 24043703
2500 N. Highway 118, Suite A-200
Alpine, Texas 79830
Tel: (432) 538-6100

WILLIAM F. CALVE
Assistant United States Attorney
Texas State Bar No. 24096505
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7132

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 20, 2022, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the parties of record.

                                    /s/ *William F. Calve*
                                    William F. Calve
                                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. SA-22-CR-108-DC |
| § | |
| HECTOR FLORES, JR. § | |
| § | |

## **ORDER**

On this date came to be considered Defendant's Motion to Dismiss. After careful consideration, the Court finds and **ORDERS** that Defendant's Motion be in all things **DENIED**.

SIGNED this ___ day of _____, 2022

_____
HONORABLE DAVID COUNTS
U.S. DISTRICT JUDGE

5